ATTORNEY DISCIPLINARY PROCEEDINGS
| ]PER CURIAM.*
These consolidated attorney disciplinary proceedings arise from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Jed G. Gremillion, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.3 (lack of due diligence), 1.4 (failure to comply with reasonable requests for information), 1.15(a) (failure to keep funds of a client or third party separate from attorney’s own funds), 1.15(b) (failure to refund and account for client funds), 1.16(d) (failure to protect client interests upon termination of representation), 3.4(a) (obstruction of access to disciplinary counsel’s access to evidence), 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in *398 conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, § 9(c) (knowing failure to respond to a lawful request from a disciplinary authority).
UNDERLYING FACTS

98-B-0818

This consent discipline proceeding involves three counts of formal charges |2emanating from one complaint filed by two complainants against the respondent regarding his representation in the matter entitled “Succession of Eule Mouton,” No. 94-64624, Fifteenth Judicial District Court for the Parish of Vermillion.
Count I: While acting as counsel for the estate, respondent obtained judicial permission on June 17, 1994 to sell immovable property valued at $38,000 belonging to the estate. Subsequently, he failed to take any further action on behalf of the estate until January 22, 1996. He failed to account to the heirs or the court for succession property, and he disbursed succession property in the absence of court approval.
Count II: Upon receiving $41,469.67 in succession funds from the testamentary executor, respondent deposited the funds in a bank account that was not labeled as a trust or fiduciary account. Without court approval, he proceeded to disburse the funds to certain heirs. Of the funds disbursed, three cheeks were issued, each in the amount of $1,888.49, to three heirs: Catherine Sellers Granger, Cindy Delvisco and Ruth Sellers Stelly. The checks were returned for insufficient funds.
Count III: Respondent failed to appear pursuant to a subpoena for his scheduled deposition and production of documents issued in connection with the ODC’s investigation into allegations of misconduct, set forth in the complaint filed by Ms. Granger and Ms. Stelly, regarding his representation in the succession matter.

98-B-0819

The second proceeding involves three counts of formal charges arising from two complaints filed against the respondent. The hearing committee summarized the undisputed facts as follows:
Pam and Lynn Martin
These Complainants retained Respondent to represent them in connection with a September 9, 1990, boating accident. Numerous attempts thereafter were made by Complainants to contact Respondent about the matter. Respondent failed to answer to his clients’ inquiries, and the Martins terminated him by letter of April 30, 1996. Complainants’ new attorney requested the Martins’ file, and Respondent repeatedly refused to relinquish it. The Martins wrote the Office of Disciplinary Counsel about the matter December 12,1996. Respondent was furnished by certified mail a copy of the Martins’ ^complaint by the Office of Disciplinary Counsel on January 3,1997. Disciplinary Counsel demanded a response within fifteen days. See Rule XIX, §§ 4B(2), 9C. Respondent ignored the Office of Disciplinary Counsel’s request, and a subpoena was issued on March 7, 1997, and served on Respondent March 20, 1997. The subpoena commanded Respondent to appear at the Office of Disciplinary Counsel April 4, 1997, and bring with him “[T]he entire original file relating to your representation of Pam Martin and Lynn Martin.” Respondent failed to appear and did not otherwise produce the file.
Brock A. Derouen
On May 20, 1994, Complainant’s grandmother, Mildred Mergist Floris, retained Respondent to initiate and complete a succession. She paid him $1,300 at that time, and later paid him another $416.90. Respondent did not prepare an Affidavit of Death and Heirship until April 12, 1996, about two years after. Meanwhile, Mrs. Floris missed two sales of a house which was a part of the succession property. Respondent rarely returned his client’s telephone calls. *399 By undated letter (received by Disciplinary Counsel December 27, 1996), Mr. Der-ouen, on behalf of his grandmother, complained. By certified letter received by Respondent January 17,1997, he was notified by the Office of Disciplinary Counsel of the complaint by Mrs. Floris. Respondent failed to answer or reply, and a subpoena was issued to him and served on him March 20, 1997. This same one was issued in connection with the Martin complaints, except that it required him to “[A]lso produce the entire file and full financial records relating to your representation of Mildred Mergist Floris.” (emphasis in original). (Respondent failed to appear and did not otherwise produce the file and records).
* * * * . * *
Between the date Respondent failed to appear, produce documents and records, and otherwise explain himself, April 4, 1997, and the date Formal Charges were filed, September 15, 1997, he apparently did nothing in connection with these complaints from his clients nor did he cooperate with Disciplinary Counsel’s investigative efforts.
DISCIPLINARY PROCEEDINGS

98-B-0818

On August 22, 1996, the ODC filed formal charges alleging violations of the Rules of Professional Conduct. Respondent filed an answer denying the allegations to Count I, stating “all heirs have been presented an accounting.” He admitted to the misconduct alleged in Counts II & III.
On December 10,1996, respondent submitted a motion for consent discipline ^suggesting an eighteen month suspension and the ODC concurred with the proposed discipline.
On November 14, 1997, the hearing committee issued its recommendation proposing adoption of the eighteen month consent discipline.
Relying on ABA Standard 4.12[1] and jurisprudence from this court, the disciplinary board determined the baseline sanction in the instant case was a three year suspension. In mitigation, the board noted the lack of a prior disciplinary record, full payment of restitution prior to the institution of formal charges and cooperation with the ODC. Based on such, it recommended adoption of the proposed eighteen month suspension, finding it to be within the range of appropriate discipline established by this court. Further, the board recommended assessment of proceeding costs in the amount of $301.84.

98-B-0819

On September 15, 1997, the ODC filed formal charges alleging violations of the Rules of Professional Conduct, and the respondent failed to answer. The ODC filed a brief seeking disbarment, noting the conduct was intentional and that since the filing of charges, the Martins’ file has not been released and no action was taken on behalf of Ms. Floris in any respect.
On June 6, 1997, the hearing committee rendered its findings concluding respondent violated Rules 1.3, 1.4(a), 8.4(a) and 8.4(d). Relying on Standards 4.41(b) and (c) of the ABA Standards for. Imposing Lawyer Sanctions, the committee noted disbarment is generally the baseline sanction when a lawyer knowingly fails to perform a service for a client and causes potential serious injury, or when a lawyer engages in a pattern of neglect with respect to client matters and potentially causes serious injury to a client. As factors in aggravation, the committee recognized the eighteen month suspension in the consolidated proceeding [98-B-0818] as prior discipline[2] and respondent’s substantial experience in the practice of law (admitted on 10/5/79). Also relying on the absence of mitigating factors, the committee recommended Isdisbarment “with prejudice”.
*400 On March 27, 1998, the board issued its recommendation concurring in the findings of the committee. It noted the baseline sanction for neglect of a client’s legal matters and failure to communicate with clients was a three year suspension. Relying on the aggravating factors cited by the committee, as well as respondent’s failure to cooperate, the board recommended disbarment. It further proposed assessment of proceedings costs in the amount of $235.61. One board member filed a dissent to the severity of the sanction noting a three year suspension would have been appropriate.
Neither the ODC nor respondent filed an objection to the board’s recommendation. However, pursuant to Supreme Court Rule XIX, § 11(G)(1)(a), we ordered the parties to submit briefs, without oral argument, addressing the issue of whether the sanction recommended by the disciplinary board was appropriate. The ODC filed its brief, asserting that disbarment was the appropriate sanction under the facts. Respondent failed to file a brief.
CONCLUSION
Upon review of the record in this matter, we conclude the hearing committee and disciplinary board erred in considering the “prior discipline” imposed in 98-B-0818 as an aggravating circumstance in 98-B-0819. Since the misconduct in each case occurred within the same time frame, this is not a case in which a lawyer is disciplined and then proceeds to commit similar misconduct, despite the warning to watch his step resulting from the initial discipline. Without prior discipline as an aggravating factor, a thirty-six month suspension is a more appropriate penalty in 98-B-0819, with this suspension to run concurrently with the eighteen month suspension imposed in 98-B-0818.
DECREE
Accordingly, it is ordered that respondent, Jed G. Gremillion, be suspended from the practice of law for a period of eighteen months in 98-B-0818 and a period of thirty-six months in 98-B-0819, with the penalties to run concurrently. It is further ordered that respondent make restitution to his clients. All costs of these proceedings in the amount of $537.45 are assessed against respondent.
TRAYLOR, J. dissents to No. 98-B-0819.

 Kimball, J. not on panel. Rule IV, Part 2, § 3.

. Standard 4.12 of the ABA Standards for Imposing Lawyer Sanctions provides "[s]uspension is generally appropriate when a lawyer knows or should have known that he is dealing improperly with client property and causes injury or potential injury to a client.”

. The committee recognized the conduct at issue in the consolidated matter 98-B-0818 took place in 1994 and 1995, or generally during or before the conduct at issue in 98-B-0819.